IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRIS SHABAZZ-WIMBERLY,                         2:14-CV-01237-BR

       Plaintiff,                          OPINION AND ORDER

v.

RUSS NICHOLS, Physical Plant
Manager at TRCI; CHARLES NAY,
Physical Plant Employee at
TRCI; A. SMITH, Physical
Plant Employee at TRCI; SUE
WASHBURN, Food Service
Manager at TRCI; GARY HALL,
(Former) Assistant Food
Service Manager at TRCI;
BRIAN MISNER, (Former) Food
Service Coordinator at TRCI;
BRIDGETT WHELAN, Health
Service Manager at TRCI;
CURTIS SYLE, (former)
Correctional Officer at TRCI;
and DAY, Corporal at TRCI,
       Defendants.


CHRIS SHABAZZ-WIMBERLY
#10571327
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, OR 97741

       Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**ELLEN ROSENBLUM**
Attorney General
**MICHAEL R. WASHINGTON**
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

        Attorneys for Defendants

**BROWN, Judge.**

        This matter comes before the Court on Defendants' Motion

(#36) for Summary Judgment.  For the reasons that follow, the

Court **GRANTS in part** and **DENIES in part** Defendants' Motion.


                        <u>BACKGROUND</u>

        On December 15, 2014, Plaintiff, an inmate at Deer Ridge

Correctional Institution,[1] filed *pro se* an Amended Complaint in

this Court pursuant to 42 U.S.C. § 1983 alleging Defendants

violated his rights to be free from deliberate indifference under

the Eighth Amendment, to due process under the Fourteenth

Amendment, and to free speech in violation of the First

Amendment.

        On January 6, 2015, Defendants filed a Motion for Summary

Judgment in which they seek to dismiss Plaintiff's claims for

_____

        [1] Plaintiff was an inmate at Two Rivers Correctional
Institution from May 27, 2010, through October 31, 2014, at which
time he was transferred to Deer Ridge Correctional Institution
where he remains incarcerated.

2 - OPINION AND ORDER

failure to exhaust administrative remedies.

On January 7, 2015, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit admissible evidence in opposition to Defendants' Motion for Summary Judgment, summary judgment could be entered against him.

Plaintiff filed a Response to Defendants' Motion, and the Court took the matter under advisement on May 5, 2015.


**STANDARDS**

In the Ninth Circuit the failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). *See also Dixon v. Corr. Corp. of Am.*, 420 F. App'x 766, 767 (9th Cir. 2011)("[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Federal Rule of Civil Procedure 12(b) motion rather that a motion for summary judgment."); *Puente v. City of Los Angeles*, 358 F. App'x 909, 910-11 (9th Cir. 2011)("First, the district court did not abuse its discretion by declining to vacate its dismissal order based on Plaintiff's claim that Defendants' motion to dismiss was untimely.  A motion to dismiss for failure to exhaust administrative remedies must be made as an

unenumerated Fed. R. Civ. P. 12(b) motion, and need not be filed before a responsive pleading."). The Court, therefore, treats Defendants' Motion as an unenumerated Rule 12(b) Motion to Dismiss.

To decide a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits. *Id.* "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

## DISCUSSION

### I.   Prison Litigation Reform Act (PLRA) Exhaustion Requirement

The PLRA provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandated regardless of the relief offered through the prison administrative procedures. *Booth v. Churner*, 532 U.S. 731, 740 (2001). *See also Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005)(same).

4 - OPINION AND ORDER

The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  *See also Valoff*, 422 F.3d at 935.  In *Booth* the Supreme Court further held prisoners are obligated to navigate the prison's administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."  532 U.S. at 739-41.  Accordingly, the Ninth Circuit has held "plaintiffs must pursue a remedy through a prison grievance process as long as *some* action can be ordered in response to the complaint."  *Valoff*, 422 F.3d at 934 (emphasis in original).  Even if the prisoner does not receive any more relief than "corrective action taken in response to an inmate's grievance [that] . . . improve[s] prison administration and satisf[ies] the inmate," it is sufficient relief for an inmate to continue with the administrative process.  *Id.* at 936 (quoting *Porter*, 534 U.S. at 525).

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(e) is an affirmative defense.  *Valoff*, 422 F.3d at 936.  "[D]efendants have the burden of raising and proving the absence of exhaustion."  *Id.*

> Relevant evidence in so demonstrating would
> include . . . regulations, and other official
> directives that explain the scope of the
> administrative review process; documentary or

testimonial evidence from prison officials who
administer the review process; and information
provided to the prisoner concerning the operation
of the grievance procedure in this case.

*Brown*, 422 F.3d at 937.  As noted, if the court concludes an

inmate has failed to exhaust his administrative remedies, the

proper remedy is dismissal without prejudice.  *Stewart v. Korsen*,

No. 11-15295, 2012 WL 767347, at *1 (9th Cir. Mar. 12, 2012).

## II.  The Grievance Process

Pursuant to the administrative rules of ODOC that govern

inmate grievances, inmates at ODOC facilities are required to

communicate with "line staff" verbally or in writing to resolve a

dispute before filing a grievance.  If communication with line

staff does not resolve an inmate's issue, the inmate may then

file a grievance form within 30 days of the incident or conflict.

Inmates must attach copies of their previous communications with

line staff to their grievance forms to demonstrate that they

attempted to resolve the conflict informally before filing their

grievance.  If an inmate is not satisfied with the response to

his or her grievance, the inmate may file an appeal to the

functional unit manager by completing a grievance appeal form and

filing it with the grievance coordinator within 14 days from the

time the response was sent to the inmate.  The grievance

coordinator then assigns the grievance a number and records it in

the grievance log.

An inmate may appeal the functional unit manager's decision

6 - OPINION AND ORDER

by submitting to the assistant director an appeal form, the
original grievance, attachments, and staff responses.  The
grievance coordinator then date-stamps and logs the appeal.  The
decision of the assistant director is final and is not subject to
further review.

ODOC informs inmates of the grievance procedure at their
mandatory Admission and Orientation class held when inmates first
arrive at a facility.  In addition, information about the
procedure is contained in the inmate handbook.  Inmates may
obtain grievance forms and instructions from any housing-unit
officer.

**III. Plaintiff's First Claim**

In his First Claim Plaintiff alleges Defendants violated his
right under the Eighth Amendment to be free from deliberate
indifference when they (1) circumvented the safety switch on the
tortilla machine that Plaintiff and other inmates operated,
(2) failed to post any sign or to hold any training sessions with
inmates advising them of the risk of operating the tortilla
machine with the circumvented safety switch, and (3) refused to
keep the doors ajar to the room containing the tortilla machine
to allow gas fumes to dissipate.

The record reflects Plaintiff submitted two nonduplicative,
grievances relevant to his First Claim.

Plaintiff submitted his first grievance (TRCI.2012.08.088)

related to his First Claim on August 21, 2012.  Plaintiff stated

he had presented a document to Food Service Manager Sue Washburn

in which Captain Lytle stated one of the two doors in the

tortilla room should remain ajar, but Washburn refused to permit

inmates to keep one of the doors ajar.  Plaintiff also noted his

shirt caught fire on August 21, 2012, while he was working in the

tortilla room.  Decl. of Arnell Eynon, Ex. 4 at 5.  On

September 17, 2012, Defendant Gary Hall responded to Plaintiff's

grievance .088 and stated the doors in the tortilla room were not

propped open for security reasons, safety features such as sleeve

protectors and heat-resistant gloves are available for inmates in

the tortilla room, and ODOC staff members performed their duties

in accordance with ODOC rules.  Hall also advised Plaintiff that

he was entitled to further review through the Grievance Review

System.  *Id*. at 5.  Plaintiff filed a first appeal on

September 21, 2012.  On November 16, 2012, Superintendent Steve

Franke responded to Plaintiff's appeal and advised Plaintiff that

Franke concluded ODOC staff had performed their duties in

accordance with ODOC rules, policies, and procedures.  Eynon

Decl., Ex. 4 at 2.  Franke also advised Plaintiff that he was

entitled to further review through the Grievance Review System.

Plaintiff did not file a further appeal and, therefore, did not

exhaust the grievance procedure with respect to grievance .088.

Accordingly, the Court concludes Plaintiff has not exhausted his

8 - OPINION AND ORDER

administrative remedies with respect to that portion of his First
Claim related to Defendants' failure to prop open one of the
doors to the room containing the tortilla machine in order to
vent gas fumes.

On August 21, 2012, Plaintiff submitted his second grievance
(TRCI.2012.08.103) related to his First Claim.  Plaintiff stated
Defendants circumvented the safety switch on the tortilla machine
and did not post signs or hold training sessions for inmates to
operate the tortilla machine without a properly functioning
safety switch.  On November 5, 2012, Assistant Physical Plant
Manager Jody Finck responded to Plaintiff's grievance .103 and
advised Plaintiff that ODOC had purchased and installed a new
switch on the tortilla machine, which was at that time operating
within the manufacturer's specifications.  Eynon Decl., Ex. 5 at
2.  Finck acknowledged Plaintiff's additional request to post a
sign, but she did not indicate any sign would be posted.
Plaintiff did not appeal Finck's response.  Plaintiff asserts in
his Response to Defendants' Motion that he was not required to
file any further appeal in order to exhaust his administrative
remedies as to grievance .103 because he obtained the relief that
he sought.  *See, e.g., Ross v. Cty of Bernalillo*, 365 F.3d 1181,
1186-87 (10th Cir. 2004)(After "a prisoner has won all the relief
that is available under the institution's administrative
procedures, his administrative remedies are exhausted.  Prisoners

are not required to file additional complaints or appeal favorable decisions in such cases.  When there is no possibility of any further relief, the prisoner's duty to exhaust available administrative remedies is complete."). *See also Brady v. Attygala*, 196 F. Supp. 2d 1016, 1021 (C.D. Cal. 2002)("It would be a strange rule that an inmate who has received all he expects or reasonably can expect must nevertheless continue to appeal, even when there is nothing to appeal.") (quotation omitted); *Gomez v. Winslow*, 177 F. Supp. 2d 977, 985 (N.D. Cal. 2001) ("Because [the plaintiff] had, in essence, 'won' his inmate appeal, it would be unreasonable to expect him to appeal that victory before he is allowed to file suit.").

Defendants assert Plaintiff did not receive all of the relief he sought in grievance .103 because even though Defendants installed a new switch on the tortilla machine, the response to Plaintiff's grievance did not state Defendants would not alter the safety switch on the new machine at some point in the future nor indicate they would put up a sign.  The Court finds Defendants' argument unpersuasive.

In grievance .103 Plaintiff was concerned with the fact that Defendants circumvented the kill switch on the tortilla machine, and his request for a sign or for training was related only to the fact that the switch had been circumvented.  By installing an entirely new and functional kill-switch, the need for a sign

and/or training was moot.  Thus, Plaintiff essentially won the
relief that he sought in grievance .103.  The Court, therefore,
concludes Plaintiff was not required to appeal or to take any
further steps with respect to grievance .103.  Accordingly, the
Court concludes Plaintiff exhausted his administrative remedies
with respect to that portion of his First Claim related to
Defendants' circumvention of the kill-switch on the tortilla
machine.

In summary, the Court concludes with respect to Plaintiff's
First Claim for violation of the Eighth Amendment that Plaintiff
has not exhausted his administrative remedies with respect to
Defendants' failure to prop open one of the doors to the room
containing the tortilla machine, but he has exhausted his
administrative remedies with respect to Defendants' circumvention
of the kill-switch on the tortilla machine.

Accordingly, the Court grants in part and denies in part
Defendants' Motion to Dismiss Plaintiff's First Claim.

## IV. Plaintiff's Second Claim

In his Second Claim Plaintiff alleges Defendants violated
his right to due process under the Fourteenth Amendment when
(1) on September 11, 2012, Defendant Hall provided false and
misleading statements to Risk Management Inmate Injury Fund
Claims regarding Plaintiff's August 21, 2012, injury and (2) on
October 29, 2012, Defendant Bridgett Whelan made false

11 - OPINION AND ORDER

declarations to SAIF Corporation regarding Plaintiff's August 21, 2012, injury.

Plaintiff filed three relevant grievances to his Second Claim.  In his grievance TRCI.2012.12.060 dated December 16, 2012, Plaintiff asserted on September 11, 2012, that Defendant Hall provided false and misleading statements to Risk Management Inmate Injury Fund Claims regarding Plaintiff's August 21, 2012, injury.  On December 26, 2012, Plaintiff's grievance .060 was denied for Plaintiff's failure to comply with Oregon Administrative Rule 291-109-0150(2), which requires the grievance coordinator to receive a grievance "within [thirty] calendar days of the date of the incident giving rise to the grievance." Plaintiff asserts in his Response that his deadline to submit his grievance should not have begun to run until after Plaintiff discovered Hill's alleged false statements "on or about November 15, 2012."  Plaintiff, however, did not file any response to or appeal of grievance .060 based on that assertion nor did he provide any other basis for challenging the denial. Plaintiff, therefore, did not exhaust the grievance procedure with respect to grievance .060.  Accordingly, the Court concludes Plaintiff has not exhausted his administrative remedies with respect to that portion of his Second Claim based on Hill's alleged false statements to Risk Management.

In grievance numbers TRCI.2012.12.053 and TRCI.2012.12.102

12 - OPINION AND ORDER

dated December 16 and December 27, 2012, respectively, Plaintiff
asserted Defendant Whelan made false declarations to SAIF
Corporation on October 29, 2012, regarding Plaintiff's August 21,
2012, injury.  On December 19, 2012, Plaintiff's grievance .053
was denied and on January 4, 2012, Plaintiff's grievance .102 was
denied.  Both grievances were denied based on Plaintiff's failure
to comply with Oregon Administrative Rule 291-109-0150(2).
Plaintiff asserts in his Response that his deadline to submit his
grievance should not have begun to run until after Plaintiff
discovered Whelan's alleged false statements "on or about
November 15, 2012."  Plaintiff, however, did not file any
response to or appeal of grievances .053 and .102 based on that
assertion nor did he provide any other basis for challenging the
denial.  Plaintiff, therefore, did not exhaust the grievance
procedure with respect to grievances .053 and .102.  The Court,
therefore, concludes Plaintiff has not exhausted his
administrative remedies as to his Second Claim.

    Accordingly, the Court grants Defendants' Motion to Dismiss
Plaintiff's Second Claim for failure to exhaust administrative
remedies.

## V.  Plaintiff's Third Claim

    In his Third Claim Plaintiff alleges Defendants violated his
First Amendment rights when they retaliated against him for
submitting various grievances by sending Plaintiff to segregation

13 - OPINION AND ORDER

"on trumped up charges" and by moving Plaintiff to a cell with a
dangerous inmate.

On June 3, 2013, Plaintiff filed a discrimination complaint
with ODOC asserting Defendants were discriminating against
Plaintiff based either on his race or his religion because they
denied Plaintiff's request for a cell move before Plaintiff had
90 days of conduct free of disciplinary actions (clear conduct).
Plaintiff asserted he had witnessed "upwards of 20 in-unit cell
changes for white and Hispanic inmates; many of which were
requested and granted within 1 or 2 days." Eynon Decl., Ex. 10
at 2.

On August 20, 2013, Superintendent Taylor responded to
Plaintiff that "ODOC acted in accordance with ODOC Rules" when
they refused to move Plaintiff to another cell before Plaintiff
had 90 days of clear conduct.  Taylor also advised Plaintiff that
he did not find Plaintiff was treated differently than other
inmates.  Finally, Taylor advised Plaintiff he was "entitled to
further review by the Inmate Discrimination Complaint Review
Committee" and informed Plaintiff how to obtain review by that
Committee.  Eynon Decl., Ex. 10 at 1.

Plaintiff did not request further review from the Inmate
Discrimination Complaint Review Committee.  Plaintiff, therefore,
did not exhaust the administrative procedure with respect to his
discrimination complaint.  The Court, therefore, concludes

Plaintiff has not exhausted his administrative remedies as to his Third Claim.

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's Third Claim for failure to exhaust administrative remedies.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Unenumerated Rule 12(b) Motion (#36) to Dismiss. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's Second and Third Claims as well as that portion of Plaintiff's First Claim regarding Defendants' failure to prop open one of the doors to the tortilla-machine room.  This matter shall proceed only as to that portion of Plaintiff's First Claim related to Defendants' circumvention of the safety switch on the tortilla machine.

IT IS SO ORDERED.

DATED this 10th day of July, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge